An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRONIK SARDARYAN, AN INDIVIDUAL, Appellant, vs. RADAYNA ABOU ASSALI, AN INDIVIDUAL; GHAZWAN SALEM, AN INDIVIDUAL; AND AFANDI RESTAURANT AND MARKET, LLC, A NEVADA CORPORATION, Respondents. | No. 64369 **FILED** JUL 2 3 2015  |

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant argues that the district court erred in granting summary judgment in favor of respondents, finding that a third party was not acting in the course and scope of his employment at respondent Afandi Restaurant and Market, LLC when he was involved in a traffic accident with appellant.

Where undisputed evidence exists concerning an employee's status at the time of the accident, the issue of whether he was acting within the scope of his employment may be resolved as a matter of law. *Evans v. Sw. Gas Corp.*, 108 Nev. 1002, 1005, 842 P.2d 719, 721 (1992). Having considered the parties' briefs and appendices, we conclude that the district court did not err in granting summary judgment in favor of respondents. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (stating that this court reviews summary judgments de novo); *see also Connell v. Carl's Air Conditioning*, 97 Nev. 436, 438-39, 634 P.2d 673, 674-75 (1981) (stating that "tortious conduct by an employee in

transit to or from work ordinarily will not expose the employer to liability" unless the evidence shows that the employee was on a "special errand" for the employer); *Evans*, 108 Nev. at 1005-06, 842 P.2d at 721-22 (concluding that "an employee who is traveling to or from work is outside the scope of his or her employment unless the employee is performing an errand for the employer or otherwise conferring a benefit upon the employer"). As appellant has conceded that the third party was not working on the day of the accident and has provided no evidence that the third party was on a special errand or on call for Afandi or in the process of responding to an emergency related to Afandi, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Susan Johnson, District Judge
     Howard Roitman, Settlement Judge
     Harold P. Gewerter, Esq., Ltd.
     Hall Jaffe & Clayton, LLP
     Eighth District Court Clerk